UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

UMAR M. ABDULLAH,
a/k/a Otha E. Townsend,

Plaintiff,

v.

SHERYL RAMSTAD/IIVASS,
ERIK SKON, DAVID CRIST,
REGINA STEPNEY, WAYNE KING,
and Lt. HAEF,

Defendants.

---

Civil No. 01-863 (DSD/AJB)

**ORDER**

Plaintiff, a state prison inmate, filed a Notice of Appeal in this case on August 10, 2001. (Docket No. 9.) He did not tender the filing fee for his appeal, however, so the Court of Appeals remanded the case to this Court to calculate and collect the initial partial filing fee required pursuant to 28 U.S.C. § 1915(b)(1). (Docket No. 13.)

The Clerk of Court has written a letter to Plaintiff, advising him that if he is unable to pay the full $105 filing fee for his appeal, he should complete and file an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket No. 10.) The Clerk's letter further advised Plaintiff that he would have to file his IFP application within thirty days, which meant by no later than September 12, 2001. The prescribed IFP application form was enclosed with the Clerk's letter.

On September 12, 2001, Plaintiff filed a motion asking the Court to grant him an additional thirty days to file an IFP application and pay the initial partial filing fee required by § 1915(b)(1). (Docket No. 12.) That motion was granted, and Plaintiff was given until October 20, 2001, to apply for IFP status, or else pay the full $105 filing fee for his appeal. (Order dated

FILED NOV 0 9 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

September 20, 2001; [Docket No. 14].)

The extended deadline for seeking IFP status or paying the appellate filing fee has now expired. To date, however, Plaintiff still has not submitted an IFP application or paid any filing fee. Nor has Plaintiff otherwise communicated with the Court since he filed his motion for extension back on September 12, 2001.

According to Henderson v. Norris, 129 F.3d 481 (8th Cir. 1997), the filing fee for Plaintiff's appeal became "assessed," and Plaintiff became obligated to pay that fee, when his Notice of Appeal was filed on August 10, 2001. Id. at 484. Henderson further indicates that when a prisoner neither pays the filing fee nor files a complete IFP application (which includes the financial information required to determine the proper amount of his initial partial filing fee), he should be ordered to pay an initial partial filing fee in the amount of $35. Id. at 485. Finally, Henderson indicates that (i) prison authorities should be notified that the prisoner's filing fee on appeal is to be paid in the manner prescribed by 28 U.S.C. § 1915(b), and (ii) a copy of the fee computation order should be sent to the prisoner. Id. Because Plaintiff has not paid his fee or applied for IFP status, the actions prescribed by Henderson must now be taken here.

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

1. Plaintiff shall pay an initial partial filing fee for his appeal in the amount of $35;

2. The remaining balance of the filing fee for Plaintiff's appeal shall be paid in the manner prescribed by 28 U.S.C. § 1915(b)(2); and

3. A copy of this order shall be sent to all parties of record, and to prison officials at the institution where Plaintiff is currently confined.

Dated: November 8, 2001

DAVID S. DOTY
United States District Court Judge